**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 23-35-DLB**

**CHARLES MARSHALL STIVERS**                                        **PETITIONER**

**v.**                     **MEMORANDUM OPINION**
                            **AND ORDER**

**WARDEN, FCI ASHLAND**                                         **RESPONDENT**

*** *** *** ***

Charles Marshall Stivers is a federal inmate currently confined at the Federal Correctional Institution ("FCI")-Ashland located in Ashland, Kentucky. Proceeding without an attorney, Stivers has filed an "Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (Doc. #1) and has paid the $5.00 filing fee.

Stivers' § 2241 petition is not filed on the form approved for use by the Court, as required by Local Rule 5.3. Even so, the Court will review Stivers' § 2241 petition pursuant to 28 U.S.C. § 2241.[1] Because it is evident that Stivers has not fully exhausted his administrative remedies with respect to his claim, his petition will be dismissed without prejudice.

---

[1] The Court is required to conduct an initial screening of § 2241 habeas petitions by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

1

In his petition, Stivers claims that the BOP has failed to give him time credits to which he believes that he is entitled under the First Step Act, 18 U.S.C. §§ 3632(d)(4). However, it has long been the rule that, before a prisoner may seek habeas relief under § 2241, he must first fully exhaust his administrative remedies within the BOP. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006). *See also Leslie v. United States*, 89 Fed. Appx. 960, 961 (6th Cir. 2004) ("[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241."). Administrative remedies must be exhausted *prior* to filing suit and *in full conformity* with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006) (emphasis added).

The BOP's Inmate Grievance System requires a federal prisoner to first seek informal resolution of any issue with staff. 28 C.F.R. § 542.13. If a matter cannot be resolved informally, the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. *See also* BOP Program Statement 1330.18 (Jan. 6, 2014).

In his petition, Stivers admits that he has not pursued his administrative remedies, but argues that exhaustion is not required because it would be futile in light of time constraints; because his petition presents a "question of law and of a narrow dispute of

statutory construction;" and because his petition presents a constitutional claim. (Doc. #1 at p. 2). However, there is nothing in the record supporting Stivers' subjective, conclusory assessment that administrative exhaustion is futile. *Cf. Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689-90 (E.D. Ky. 2004) (noting that futility may be shown where there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider.") (*citing James v. United States Dept. of Health and Human Services*, 824 F.2d 1132, 1139 (D.C. Cir. 1987)). Nor is there any reason to believe that his resort to federal litigation would resolve this matter more quickly than the administrative grievance process. Stivers' own perception that filing an administrative grievance would be "futile" does not excuse his failure to fully exhaust his administrative remedies prior to filing suit.

Moreover, Stivers' argument that he is not required to exhaust his administrative remedies because his petition involves a question of law is contrary to the law of this district. While Stivers relies on *Goodman v. Ortiz*, Case No. 25-7582-RMB, 2020 WL 5015613 (D.N.J. Aug. 25, 2020), an unpublished First Step Act case from the District of New Jersey in which the exhaustion requirement was excused, that decision is not binding on this Court. Rather, cases throughout the Eastern District of Kentucky have routinely reached the opposite conclusion as to an inmate's requirement to exhaust an earned time credits case. *See, e.g., Maggio v. Joyner*, Case No. 21-21-DCR, 20221 WL 1804915, at *2 (E.D. Ky. March 25, 2021) (explaining that "[c]laims involving statutory interpretation are not categorically excused from the exhaustion requirement" and refusing to follow *Goodman*).

3

Exhaustion of administrative remedies serves two main purposes: 1) it "protects administrative agency authority," by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, which preserves both judicial resources and administrative autonomy; and 2) it promotes efficiency because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford*, 548 U.S. at 89 (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992))  See also *Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies.") (quoting *Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1092 (6th Cir. 1981) (other citations omitted)).  Because the Court finds that the purposes of administrative exhaustion would be furthered by the completion of the administrative process here, it denies Stivers' request to excuse his failure to exhaust his administrative remedies.

While exhaustion of administrative remedies is an affirmative defense that a prisoner is "not required to specially plead or demonstrate" in his complaint, *Jones v. Bock*, 549 U.S 199, 216 (2007), "when it is apparent on the face of a § 2241 petition that the petitioner has not exhausted his administrative remedies, a district court may sua sponte dismiss the petition without prejudice based on that affirmative defense." *Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017) (order).  Because it is evident from Stivers' § 2241 petition that it was filed before he

4

exhausted his available administrative remedies with respect to his claim, his petition will be denied without prejudice.

For all of the foregoing reasons, it is hereby **ORDERED** as follows:

1. Stivers's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. #1) is **DENIED**, without prejudice;

2. The Court will enter an appropriate Judgment; and

3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This 30th day of March, 2023.

Signed By:
David L. Bunning
United States District Judge

L:\DATA\ORDERS\PSO Orders\Stivers 0-23-35 Screening Memorandum.docx